IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IVAN TRASHONE YOUNG     PLAINTIFF

v.     Civil No. 4:22-cv-04099

CAPTIAN JAMES WISE;
SHERIFF JAMES SINGLETON; and
DEPUTY ROSS     DEFENDANTS

**ORDER**

Plaintiff Ivan Trashone Young originally filed this 42 U.S.C. § 1983 action *pro se* on September 26, 2022. (ECF No. 1). Along with his Complaint, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court granted Plaintiff's IFP Application on the same day. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

On November 2, 2022, the Court received a Notice of change of address from Plaintiff. (ECF No. 9). The Court changed Plaintiff's address of record to the address indicated in his Notice—ADC Ouachita River Unit—which remains his address of record today.

On November 15, 2022, and January 6, 2023, the Court received mail sent to Plaintiff at his address of record returned as undeliverable. (ECF Nos. 11, 15). The Court entered an Order to Show Cause on December 21, 2022, directing Plaintiff to show cause as to why he failed to keep the Court informed of his current address. (ECF No. 14). This Order to Show Cause was mailed to Plaintiff's address of record at the ADC and not returned as undeliverable. Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
